ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ROBYN K. BACON (Cal. Bar No. 251048)
Assistant United States Attorney
Violent and Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-4667
    Facsimile:  (213) 894-3713
    E-mail:    robyn.bacon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>RUSTY STEVEN SETSER<br><br>A fugitive from the government of Australia. | No. CV 13-3924-DSF-FFM<br><br>AMENDED STIPULATION TO CONSENT TO EXTRADITION |

Complainant, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and fugitive Rusty Steven Setser ("fugitive"), by and through his counsel of record, Peter Johnson, hereby stipulate and agree as follows:

1. The parties desire to stipulate to all elements of extradition, understanding that the result of that stipulation is that there will not be a contested extradition hearing.

2. The fugitive understands that if he had chosen to contest extradition, the fugitive would have had the following rights:

    a. The right to an extradition hearing before a United States Magistrate Judge. Under the procedures of this district, the fugitive can be assisted by an attorney in preparation for that hearing and at that hearing, and, if the fugitive could not afford an attorney, one would be appointed for the fugitive. The fugitive has already been appointed an attorney and that same attorney is available to continue to represent the fugitive unless the fugitive chooses to hire another attorney at the fugitive's own expense. At the extradition hearing, the fugitive would be able to contest the elements of extradition, and to make any other arguments, through counsel, that the fugitive and the fugitive's attorney saw fit.

    b. If the fugitive were to be found extraditable by the magistrate judge following the extradition hearing, the fugitive would have the right to challenge that ruling by filing a petition for a writ of habeas corpus with a district court judge, and the fugitive would have the right to appeal to a higher court any adverse decision on that petition by the district court judge.

3.   The fugitive is charged in Australia with the crimes of (1) conspiracy to import a commercial quantity of a border controlled drug, namely, cocaine and (2) dealing with the proceeds of crime worth $100,000 or more. On March 31, 2011, an authorized officer of the Local Court at Sydney, New South Wales issued a warrant for his arrest.

4.   The fugitive, Rusty Steven Setser, hereby ~~admits~~ *does not contest* the following:

    a.   The assigned judicial officer, United States Magistrate Judge Frederick F. Mumm, and the court on which that judicial officer sits, have jurisdiction to conduct extradition proceedings.

    b.   The assigned judicial officer, United States Magistrate Judge Frederick F. Mumm, and the court on which that judicial officer sits, have jurisdiction over the fugitive.

    c.   An extradition treaty is in force between the United States of America and Australia.

    d.   The fugitive, Rusty Steven Setser, is sought for offenses for which the applicable treaty permits extradition.

    e.   The fugitive agrees to summary extradition without further proceedings pursuant to Article XIII(2) of the Treaty on Extradition between the United States of America and Australia of May 14, 1974, as amended by the Protocol Amending the Treaty on Extradition between the United States of America, signed on September 4, 1990.

5.   The fugitive, Rusty Steven Setser, enters into this agreement of his own free will without any promise or threat being made or any other form of inducement or intimidation being exercised

1 | on the part of any representative, official, or officer of the
2 | United States or Australia, or of any person whatsoever.
3 |     6.     On July 24, 2013, the parties appeared before the Court
4 | for a status conference hearing in this matter. At that time, the
5 | fugitive waived his right to a contested extradition hearing and
6 | consented to extradition. After questioning the fugitive and his
7 | counsel, the Court found that the fugitive's consent was knowing and
8 | voluntary.
9 |     //
10 |    //
11 |    //

7. Once this stipulation is accepted, nothing remains except for the judicial officer to forward this extradition matter to the United States Secretary of State for the issuance of a surrender warrant or such other actions as the Secretary of State may deem appropriate.

Dated: August 5, 2013

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

*/s/ Robyn K. Bacon*
ROBYN K. BACON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: August 9, 2013

*/s/ Peter Johnson*
PETER JOHNSON
Attorney for the Fugitive
RUSTY STEVEN SETSER

Dated: August 9, 2013

*/s/ Rusty Steven Setser*
RUSTY STEVEN SETSER